Arthur Lederer Milling Co. v. Commissioner.
Arthur Lederer Milling Co. v. Commissioner
Docket No. 10666.
United States Tax Court
1947 Tax Ct. Memo LEXIS 304; 6 T.C.M. (CCH) 250; T.C.M. (RIA) 47031; February 19, 1947
*304 Orlin F. Goudy, Esq., 345 Engineers Bldg., Cleveland, O., and John L. Reeves, C.P.A., 1816 Standard Bldg., Cleveland, O., for the petitioner. L. R. Bloomenthal, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: This case involves a deficiency in income tax liability for the fiscal year ended January 31, 1943. The amount involved is $1,746.51. The corporation income and excess profits tax return for the taxable year was filed with the collector of internal revenue for the eighteenth district of Ohio at Cleveland. The question for decision is whether or not the Commissioner correctly determined that a salary of $24,000 paid by taxpayer corporation to its president and principal stockholder was unreasonably large in the amount of $6,000. In the original deficiency determination the Commissioner also asserted that $300 of compensation paid to one Gustav Krismann was unreasonable but in this hearing he admits error in this determination. Findings of Fact The facts in this case were established by a stipulation, oral testimony and exhibits. The facts material to the issues in this case we find to be as follows: Petitioner was *305 incorporated in 1931 under the laws of Ohio and filed its return on a fiscal year ending January 31st. Petitioner is a jobber of flour, sugar, shortening and baker's supplies. Arthur Lederer is now and has been the president, general manager and principal stockholder of petitioner since its incorporation, the stock thereof being held as follows during 1942 and 1943: Arthur Lederer
982
Gustav Krismann
18
Net sales, net profits (before taxes) and compensation to Arthur Lederer are as follows: Net Profits
Compensation to
Year Ending
Net Sales
(Before Taxes)
Arthur Lederer
Jan. 31, 1933
$ 407,466.00
$ 2,903.00
$ 9,600.00
Jan. 31, 1934
444,858.00
9,295.00
9,600.00
Jan. 31, 1935
574,365.00
5,614.00
15,000.00
Jan. 31, 1936
939,730.00
17,931.00
15,000.00
Jan. 31, 1937
901,165.00
9,233.00
18,000.00
Jan. 31, 1938
1,078,937.00
4,088.00
18,000.00
Jan. 31, 1939
965,803.00
12,127.00
18,000.00
Jan. 31, 1940
1,124,389.00
26,296.00
18,000.00
Jan. 31, 1941
1,177,776.00
4,693.00
18,000.00
Jan. 31, 1942
1,413,843.00
37,455.00
18,000.00
Jan. 31, 1943
1,440,054.00
17,911.00
24,000.00
Loans were made by *306 Arthur Lederer to petitioner and repayments were made to him as follows: Loans to petitioner
Repayment to
Date
by Arthur Lederer
Arthur Lederer
1-31-35 Balance brought forward
$ 47,586.14
3-18-35 By Cash
4,000.00
1-30-36 Transferred from accrued salary account
25,080.18
4-10-36 By Cash
10,000.00
5-9-36 By Cash
7,500.00
5-31-36 By Cash
1,950.00
9-25-36 By Cash
30,000.00
7-28-39 By Check
$ 21,116.32
12-13-39 By Check
30,000.00
1-31-41 By Cash
30,000.00
4-10-41 By Cash
20,000.00
9-30-41 Bach Bros.' worthless acct. Charged back
3,689.67
12-31-42 By Check
46,310.33
6-10-43 By Check
75,000.00
Totals
$176,116.32
$176,116.32
No dividends have ever been paid by the company. Arthur Lederer was also a partner in the Lederer Milling Company of Akron, a partnership, during the years 1942 and 1943, in which concern he received two-thirds of the profits which in 1942 amounted to $4,379.03 and in 1943 to $6,673.24. On October 12, 1942, one Gustav Krismann, an officer in petitioner company, left his employment and entered the military service. Arthur Lederer entered the bakers' supply business as an employee of his father when *307 he was eighteen years old. He was sixty years of age during the taxable year. Since 1926 he has been the sole owner of the business. He does all the buying for the company, supervises its sales, employes the help, determines the policies of the company, supervises, the office, manages the operations of the company and handles its financial affairs. During the taxable year he personally sold fifty per cent of the merchandise handled by the company and used his own automobile at his own expense in the operation of the business and entertainment of its customers. Such expenses during the year 1943 amounted to $2,500 or $3,000. The business of buying and selling bakers' supplies is a very hazardous business conducted at a close margin of profit and at considerable risk of loss. Petitioner, through forty years of reliable dealing, had established extensive good will, both among the suppliers and the customers. Because of the hazards of the business Arthur Lederer has provided in his will for the dissolution of petitioner corporation within six months after his death. Arthur Lederer gave practically his whole time to petitioner's business and handled the business of the Akron office *308 by Saturday noon conferences at Cleveland with the Akron partner. Lederer himself seldom, if ever, went to Akron. Opinion In considering the reasonableness of the $24,000 salary voted Arthur Lederer by petitioner two outstanding facts have impressed themselves upon this court: The extreme hazard of the business which makes the operation of the business through the corporate form highly advantageous, if not absolutely necessary; the petitioner corporation has never paid any dividends. The record in this case shows that this company has been well managed. In ten years its sales have increased from $407,000 to $1,440,000 and its net profits from.7 to 1.2 per cent. However, we do not find such a favorable trend in the business affairs of petitioner in 1943 over the six preceding years, nor do we find such an increase in the labor and responsibility of Arthur Lederer during the taxable year over the six preceding years as to justify, in our opinion, a 33 1/3 per cent increase in salary. During 1943, although the profits of petitioner corporation were less than one half of the profits earned the year before, the labor performed by Arthur Lederer was undoubtedly greater than in 1942 *309 for the reason that he lost the services of his assistant, Krismann, during that year and also Krismann's services, when he was employed, were of less value because of the disturbance due to his constant liability for military service. Furthermore, during 1943 there was an unusually severe problem attendant upon obtaining supplies for petitioner's trade. All of this work was done by Arthur Lederer. It is also a proper factor to consider that during 1943 Arthur Lederer received an income from a partnership bearing the same name as the petitioner located in Akron, which partnership he represented at the same time he was representing petitioner in procuring the supplies and making sales. After a review of the agreed stipulation, the exhibits and the evidence it is our opinion that a compensation of $21,000 per year for the taxable year of 1943 would be a fair and reasonable compensation for Arthur Lederer as president of petitioner corporation. Decision will be entered under Rule 50